Herman Thurow v. Fred Blum et al.
Chicago Title and Trust Company v. Angelus Building
Corporation et al.
Provus Bros. Company, Appellant, v. Metropolitan
Trust Company et al., Appellees.

Gen. No. 37,919.

Opinion filed June 26, 1935.

MALCOLM MECARTNEY, of Chicago, for appellant;
JAMES J. KILGALLON, of Chicago, of counsel.

GOTTLIEB & SCHWARTZ, of Chicago, for appellee Chicago Title & Trust Co.

HAROLD A. FEIN, of Chicago, *pro se.*

WILLIAM SHAPIRO, of Chicago, for appellees Sigrid Richard and Ella Freudenberg; WILLIAM SHAPIRO, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

An action was started in the superior court entitled *Herman Thurow v. Fred Blum et al.*, No. 513668,

to foreclose a junior mortgage on an apartment building located in the City of Chicago. A receiver was appointed and later another suit was started in the superior court entitled, *Chicago Title and Trust Company, as Trustee, v. The Angelus Building Corporation,* No. 515663. This later suit was an action to foreclose the first mortgage on the same property. An order was entered in case No. 513668 extending the receivership to case No. 515663. The receiver resigned and the Metropolitan Trust Company, of Chicago, was appointed to take his place as receiver and has continued to act as such for said premises. By leave of court Provus Bros. Company, a corporation, filed its intervening petition which was subsequently amended, praying for an order directing the receiver to pay rent to Provus Bros. Company for certain furniture, furnishings and equipment in the Angelus Apartments, the title to which chattels had been retained by Provus Bros. Company as vendor under a conditional sales contract. This contract was evidenced by a memorandum of agreement between Provus Bros. Company, a corporation, party of the first part, Sigrid Richard, on behalf of Ella Freudenberg, party of the second part, and Theodore S. Williams, party of the third part. In effect this agreement provided for the conditional sale by Provus Bros. Company for the chattels in question to Sigrid Richard on behalf of Ellen Freudenberg for a purchase price of $22,000. This $22,000 was to be paid by Theodore S. Williams. This amount was to be paid in certain instalments of which the later instalments were to be evidenced by notes. Theodore S. Williams filed his intervening petition claiming equity in said furnishings on behalf of the Angelus Building Corporation and praying that Provus Bros. Company be decreed to accept the balance due under said contract amounting to $3,775 with interest as payment in

full of its claim. A trial was had before the Honorable Robert E. Gentzel, but no decree was entered in the cause by reason of the death of the chancellor. Subsequently, one Harold Fein, by leave of court, filed his intervening petition and claimed a lien upon the furniture and furnishings by reason of a judgment against Ella Freudenberg. This matter came on for hearing before Judge Harry A. Lewis and an order was entered by Judge Lewis finding that title to said furniture and furnishings had passed from Provus Bros. Company to Sigrid Richard on behalf of Ella Freudenberg and that the said Fein had a lien on said chattels by reason of his judgment.

It is contended here by Provus Bros. Company that there was no evidence to support the finding and that the court's opinon was based entirely upon statements of counsel which were not admitted by Provus Bros. Company and that there was nothing upon which to base the order. The order of the chancellor recites that the cause came on for hearing and was considered on statements by counsel for the, parties thereto and on admissions made and recited by the various counsel and that the court heard arguments. Then follows the finding of the court in favor of Fein and against Provus Bros. Company.

The record discloses that there was no evidence of any kind heard by the court upon which to base the order. There is nothing in the record by Fein to show that there was a judgment against Freudenberg or that any steps had been taken to enforce it prior to the filing of the intervening petition. An examination of the discussion before the court fails to show that there was any stipulation as to the facts or any admission upon which the order could be predicated.

The evidence on the previous hearing before Judge Gentzel evidently had been reduced to writing but it was not considered by the court. It is insisted by Fein

that there was laches on the part of Provus Bros. Company, but there is nothing in the record to substantiate such a statement. It would be useless to set out the entire controversy between the court and counsel and there is nothing before us other than this controversy. An examination of it, however, discloses that there are no admissions against interest by Provus Bros. Company and no stipulation as to the facts.

The trial court was in error in entering the order without facts in its possession with which to substantiate it and the order of the superior court will, therefore, be reversed and the cause remanded.

*Order reversed and cause remanded.*

HEBEL, P. J., and HALL, J., concur.